# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-197V
Filed: October 31, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| RYAN LEONG, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Interim Attorneys' Fees and |
| | * | Costs; Travel Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Andrew Downing, Esq.*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Mallori Openchowski, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On February 10, 2017, Ryan Leong ("Mr. Leong," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed subcutaneous lupus erythematosus ("SCLE") as a result of receiving a human papillomavirus ("HPV") vaccination on February 14, 2014. Petition ("Pet."), ECF No. 1.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I. Procedural History

The petition was filed on February 10, 2017. ECF No. 1. Over the next two months, petitioner filed medical records as Petitioner's Exhibits ("Pet. Ex.") 1-3. *See* ECF Nos. 7, 8. Petitioner filed a Statement of Completion on April 6, 2017. ECF No. 9.

Respondent filed his Rule 4(c) Report on July 17, 2017, recommending against compensation in this matter. ECF No. 13.

Following two extensions of time, petitioner filed expert reports from an immunologist, Dr. Yehuda Shoenfeld, and a dermatologist, Dr. Victoria Werth, and supporting medical literature for both reports. *See* Pet. Ex. 7-8, ECF No. 19; Pet. Ex. 9-16, ECF No. 20; Pet. Ex. 17-18, ECF No. 21. Petitioner continued to file medical literature though March of 2018. *See* Pet. Ex. 19-28, ECF No. 23; Pet. Ex. 29-38, ECF No. 24; Pet. Ex. 39-48, ECF No. 25; Pet. Ex. 49-58, ECF No. 26; Pet. Ex. 59-64, ECF No. 27; Pet. Ex. 66-74, ECF No. 31; Pet. Ex. 75, ECF No. 32.

During a status conference held on March 13, 2018, respondent's counsel noted concerns regarding the onset of petitioner's SCLE. Scheduling Order at 1-2, ECF No. 29. Petitioner was ordered to file a report from Dr. Werth addressing the onset of petitioner's symptoms and whether the HPV vaccination could have caused petitioner to develop SCLE. *Id*. at 2. Petitioner filed a supplemental report from Dr. Werth on March 21, 2018. Pet. Ex. 65, ECF No. 30.

Following an extension of time, respondent filed expert reports from a pediatric rheumatologist, Dr. Carlos Rose, and a pediatric immunologist, Dr. Stephen McGeady, on August 7, 2018. Motion, ECF No. 24; Non-PDF Order, issued June 22, 2018; Resp. Ex. A, ECF No. 35; Resp. Ex. C-D, ECF No. 36.

A status conference was held on September 4, 2018, to further discuss the onset issue in this matter. Scheduling Order at 1, ECF No. 38. The parties were ordered to file a joint status report advising whether a fact hearing should be held in order to determine onset. *Id.* at 2.

On November 3, 2018, petitioner filed a status report advising that the parties would like to proceed to a fact hearing and suggesting that the fact hearing be conducted on March 29, 2019. ECF No. 39.

On November 26, 2018, a prehearing order was issued, scheduling a fact hearing for March 5, 2019, in Washington, D.C. ECF No. 40. In preparation for the fact hearing, petitioner filed a witness statement from his mother on July 31, 2019 and additional photographic evidence on February 21, 2019. *See* Pet. Ex. 76, ECF No. 41; Pet. Ex. 77-80, ECF No. 42.

A fact hearing was held on March 5, 2019, in Washington, D.C. Scheduling Order at 1, ECF No. 44. Petitioner and both of his parents attended, but only petitioner and his mother testified. *Id*. Following the hearing, petitioner was ordered to file additional photographs and medical records. *Id*. at 1-2.

Petitioner filed additional photographs and medical records through June of 2019. *See* Pet. Ex. 82-86, ECF No. 53; Pet. Ex. 87-91, ECF No. 54; Pet. Ex. 92, ECF No. 56; Pet. Ex. 93-94, ECF No. 57; Pet. Ex. 95, ECF No. 59. In order to obtain this evidence, petitioner filed Motions for Authority to Issue Subpoenas, which were granted. *See* ECF Nos. 49-52.

On July 9, 2019, an order was issued closing the record with regard to evidence that will be considered in the onset ruling. Order, ECF No. 60.

On July 16, 2019, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Mot. Interim Fees, ECF No. 61. Petitioner requests attorneys' fees in the amount of $46,719.50, and attorneys' costs in the amount of $18,566.25, for a total amount of $65,285.75. *Id.* at 4. In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. *Id.* at 1.

On August 1, 2019, respondent filed a response to petitioner's Motion for Interim Fees. Response, ECF No. 63. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner filed a supplemental brief ("Supp. Brief") on August 13, 2019, to address his travel costs. ECF No. 64.

This matter is now ripe for decision.

**II. Legal Framework**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee

3

application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### III. Discussion

**A.     Interim Fees**

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id.* at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

The petition was filed in February of 2017 and thus, this matter has been pending for over two years. An onset hearing was held on March 5, 2019, but a ruling has not yet been issued. Once the ruling has been issued, the parties may be required to submit additional expert reports. If this matter proceeds to an entitlement hearing, one cannot be scheduled until 2021 at the earliest. Petitioner has already expended considerable resources on this matter. Accordingly, an award of interim fees is appropriate to avoid placing an undue burden on petitioner's counsel during the course of this litigation.

**B.     Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec.

4

Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for his attorneys: for Mr. Downing, $375.00 for work performed in 2017 and $385.00 for work performed in 2018 and 2019; and for Courtney Van Cott, $195.00 for work performed in 2017 and $205.00 for work performed in 2018 and 2019. *See* Motion for Interim Fees, Ex. A at 29-30. Petitioner requests an hourly rate of $135.00 for paralegal work performed in this matter. *Id*. at 29. These rates are consistent with rates previously awarded to petitioner's counsel and his staff. *See, e.g., Butler v. Sec'y of Health & Human Servs.*, No. 16-1027V, 2019 WL 1716073, at *2 (Fed. Cl. Spec. Mstr. Mar. 20, 2019); *Carey on behalf of C.C. v. Sec'y of Health & Human Servs.*, No. 16-828V, 2018 WL 1559805, at *6 (Fed. Cl. Spec. Mstr. Feb. 26, 2018). Thus, the requested rates are reasonable, and I award them herein.

**C.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited Oct. 29, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited Oct. 29, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf (last visited Oct. 29, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2019*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf (last visited Oct. 29, 2019).

percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, I find that the number of hours billed on this matter appears to be reasonable.[4] Accordingly, no reduction is necessary, and $46,719.50 is awarded is attorneys' fees.

**D.      Reasonable Costs**

Petitioner requested a total of $18,566.25 in interim attorneys' costs. Motion for Interim Fees, Ex. A at 29. The requested costs consist of $8,090.00 in expert fees to Dr. Shoenfeld, $2,083.00 in expert fees to Dr. Werth, $7,939.95 in travel costs, the $400.00 filing fee, $38.60 in costs associated with obtaining medical records, and $14.70 in shipping costs. *Id*.

Petitioner requested $1,987.31 in airfare for Mr. Downing. Motion for Interim Fees, Ex. A at 28. The airline receipt indicates that Mr. Downing bought a first-class ticket from Arizona to DC. *Id*. at 37. Petitioner has requested $633.99 in airfare for petitioner's mother and $525.00 in airfare for petitioner. *Id*. at 28. The receipts indicate that petitioner and his mother had economy tickets from San Francisco to DC. *Id*. at 40, 43. Additionally, petitioner requested $4,498.56 in hotel costs, including three rooms at rates of $685.00 for March 4 and $489.00 for March 5 and an additional $450.00 charge for "Governor." *See id*. at 46-48.

Mr. Downing was asked to explain the requested travel costs. He submitted a supplemental brief asserting that he "has always stayed at the JW Marriott for hearings" during the 20 years he has practiced in the Vaccine Program, and "[n]o Special Master over this time period has ever reduced the charged room rate at the Marriott, as it is comparable to all hotels in the vicinity." Supp. Brief at 1. He added, "Other hotels equally close to the Court of Federal Claims have comparable rates to the Marriott." *Id*. at 2. Mr. Downing explained that "Governor" is the Governor's Room, a conference room at the Marriott which he reserves "[o]n the night prior to every hearing" to meet with witnesses and co-counsel. *Id*. at 3-4. He emphasized that "this has been the undersigned's practice for two decades" and he "has not had any question over the conference room charge…ever." *Id*. at 4.

To address his purchase of a first-class ticket, Mr. Downing offered ticket prices for an upcoming trip to Washington as a comparison. A first-class ticket was $1,478.00, while a coach ticket was $849.29. Supp. Brief at 5. Mr. Downing submitted that, when the cost of seat assignments ($104.59), luggage ($140) and food ($10) were added to the price of a coach ticket,

---

[4] Counsel's paralegals billed 0.2 hours, or 12 minutes, for the following tasks: "Receive, review and process Court's Notice of Assignment to Special Master Mindy Michaels Roth;" "Receive, review and process Notice of Appearance filed by Mallori Openchowski on behalf of Respondent;" "Receive and review Court's Scheduling Order; note deadline for Petitioner to file an Expert Report" and "Receive, review and process Court's Formal Notice re: statutory requirements." Motion for Interim Fees, Ex. A at 16-18. Counsel is advised that these tasks are considered clerical, not paralegal, tasks, and should not be billed at all. Counsel is cautioned that his paralegals should be more judicious in their billing. Future infractions of this nature will result in a reduction in fees.

it totaled $1,113.88, which was comparable to the first-class ticket. *Id*. at 6. He added that a first-class ticket could be changed without charge, while a coach ticket would require trip insurance, which would cost an additional $108.00, thus bringing the total cost of a coach ticket to $1,221.88 and "nearly identical" to the first-class ticket. *Id*. at 6 n.4.

Mr. Downing argues that because the cost of his stays at the Marriott had not been reduced in the past, he was not aware that rates could be considered excessive. However, special masters have previously reduced fee awards due to high hotel costs which were considerably less than the hotel rates requested herein. *See, e.g., McCollum v. Sec'y of Health & Human Servs*., No. 14-790V, 2017 WL 6888827, at *4 (Fed. Cl. Spec. Mstr. Nov. 28, 2017) (Special master reduced nightly hotel rates over $300.00 to the government's per diem rate of $242).

Mr. Downing is undoubtedly aware that each special master independently evaluates a petitioner's requested costs, as his own requested travel costs have been scrutinized and reduced in the past. *See, e.g., Bourche v. Sec'y of Health & Human Servs*., No. 15-232V, 2018 WL 7046894, at *3 (Fed. Cl. Spec. Mstr. Dec. 19, 2018) (reducing Mr. Downing's travel costs due to high meal costs and vagueness of related documentation); *Zumwalt on Behalf of L.Z. v. Sec'y of Health & Human Servs*., No. 16-994V, 2018 WL 6975184, at *6 (Fed. Cl. Spec. Mstr. Nov. 27, 2018) (reducing Mr. Downing's travel costs due to high meal costs and declining to reimburse Mr. Downing for alcohol and in-flight WiFi); *Gramza on behalf of J.G. v. Sec'y of Health & Human Servs.*, No. 15-247V, 2017 WL 3574794, at *5 (Fed. Cl. Spec. Mstr. June 28, 2017) (reducing Mr. Downing's travel costs, including hotels and food costs, where petitioner and four members of her family travelled to DC three days before a hearing was scheduled to begin). Nonetheless, Mr. Downing had not had a fee application reduced for high hotel rates prior to March of 2019, when the fact hearing was held. Therefore, I will not question the hotel rates in this particular application. However, when making hotel arrangements in the future, Mr. Downing should be more cognizant of the costs he incurs. He noted in his supplemental brief that "[f]ronting the [travel] expenses for the attorneys, clients, and expert witnesses is a large burden on Petitioner's Counsel." Supp. Brief at 3. Therefore, petitioner's counsel should be more vigilant in finding less expensive hotels perhaps not as close to the courthouse and avail himself of the Court's ability for video conferencing, particularly for fact hearings such as this one. A petitioner may choose a more expensive hotel that is nearer to the Court, but that does not require the Court to fully reimburse petitioner for high hotel costs.

Petitioner, his mother, and petitioner's counsel stayed in DC over two nights for factual testimony that took little more than half a day. The fact hearing on March 5 began at 10:00 am and only involved testimony from the petitioner and his mother as to the onset of his symptoms allegedly caused by his HPV vaccination. Special masters have declined to compensate petitioners, including Mr. Downing, for extra nights in a hotel. *See, e.g., Gramza*, 2017 WL 3574794, at *5; *Fuller on behalf of B.F. v. Sec'y of Health & Human Servs.*, No. 15-1470V, 2019 WL 4648907, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019) (refusing to compensation petitioner for two extra nights in a hotel due to "the difficulty of traveling with a 1 year old"); *Broekelschen v. Sec'y of Health & Human Servs*., No. 07-137V, 2011 WL 2531199, at *13 (Fed. Cl. Spec. Mstr. June 3, 2011) (refusing to compensate petitioner's counsel for an extra night's hotel stay, when counsel arrived two days before oral argument presumably "to accommodate time zone changes"), *mot. for review denied*, 102 Fed. Cl. 719 (2011). This Decision shall serve to inform counsel that though his costs

7

may not have been questioned in the past, now that formal applications for attorneys' fees and costs must be decided by special masters, counsel's fees and costs will be reviewed and questioned. His future fee applications must include explanations and supporting evidence when filed, or they will be reduced accordingly.

Regarding Mr. Downing's first-class airfare, it is well established that the Vaccine Program does not compensate petitioners for first-class tickets. *See Davis v. Sec'y of Health & Human Servs.*, No. 16-774V, 2019 WL 2281748, at *2 (Fed. Cl. Spec. Mstr. Apr. 2, 2019) (collecting cases). Therefore, Mr. Downing will not be reimbursed for the full cost of his first-class airfare. Based on the comparison of first-class and coach airfare offered in his supplemental brief which yielded approximately a $250.00 difference, the cost of Mr. Downing's airfare will be reduced by $250.00. *See* Supp. Brief at 6 n.4.

A receipt was submitted for $24.99 for lunch at Gallery Café on February 26, 2019. This appears to be for the wrong case, as the fact hearing in this matter was held on March 5, 2019. Therefore, petitioner will not be reimbursed for this cost.

The remainder of petitioner's requested costs appear to be reasonable and I see no need to reduce them further. Petitioner's costs are reduced from $18,566.25 by $274.99[5] for a total of $18,291.26.

### IV. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $65,010.76**, representing reimbursement for interim attorneys' fees in the amount of $46,719.50 and costs in the amount of $18,291.26 in the form of a check made payable jointly to petitioner and petitioner's counsel, Andrew Downing, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[5] Reduction in airfare ($250) plus reduction in meal costs ($24.99) equals $274.99.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.