# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-197V
Filed: September 14, 2020

* * * * * * * * * * * * *
RYAN LEONG,                       *      UNPUBLISHED
                                  *
         Petitioner,              *
                                  *
                                  *      Dismissal; Human
v.                                *      Papillomavirus Vaccine;
                                  *      Subacute Cutaneous Lupus
SECRETARY OF HEALTH               *      Erythematosus ("SCLE")
AND HUMAN SERVICES,               *
                                  *
         Respondent.              *
* * * * * * * * * * * * *

*Andrew Downing, Esq.,* Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Mallori Openchowski, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Roth,** Special Master:

On February 10, 2017 petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that human papillomavirus vaccinations he received on February 14, 2014, March 23, 2015, and August 11, 2015, caused him to develop subacute cutaneous lupus erythematosus ("SCLE"). *See* Petition, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program. On September 11, 2020, petitioner filed a Motion for Dismissal Decision requesting that his case be

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

dismissed. ECF No. 70.

To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, there are insufficient medical records supporting petitioner's claim. Although petitioner offered medical opinions, none of the medical opinions offered supported a finding of entitlement pursuant to the requirements set forth by *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274 (Fed. Cir. 2005).

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

IT IS SO ORDERED.

<u>s/ Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master